23-7306-cr
*United States v. Uvino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

PRESENT:   REENA RAGGI,
             STEVEN J. MENASHI,
             MYRNA PÉREZ,
                   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                   *Appellee,*

        v.                                             No. 23-7306-cr

MICHAEL UVINO,

                   *Defendant-Appellant.*

_____

*For Appellee*:                                ANDREW D. REICH, Assistant United States Attorney (Susan Corkery, Devon Lash, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant*:            ELIZABETH M. JOHNSON, Law Office of Elizabeth M. Johnson, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Uvino appeals from the restitution component of his judgment of conviction entered on September 26, 2023. Uvino pleaded guilty and was sentenced for racketeering—in violation of 18 U.S.C. §§ 1962(c) and 1963—in connection with an extortion scheme by which the Colombo organized crime family targeted a Queens labor union and its associated health care fund. The district court ordered Uvino to pay $280,890 in restitution, jointly and severally with his co-defendants, to compensate a labor union official

for extortion payments extracted between 2011 and 2021. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

On March 5, 2025, we remanded this case pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court "to clarify whether, in imposing the challenged restitution order, it found by a preponderance of the evidence that Uvino knew or reasonably should have known (1) that the victim sustained extortion losses even before he joined the conspiracy in 2019; and, if so, (2) that those losses totaled $280,890 between 2011 and 2021." *United States v. Uvino*, No. 23-7306, 2025 WL 706400, at *3 (2d Cir. Mar. 5, 2025).

On March 7, 2025, the district court issued an opinion clarifying that the restitution order was based on its "finding by a preponderance of the evidence that Uvino knew or reasonably should have known that John Doe #1 sustained losses before Uvino joined the conspiracy in 2019, and that the losses totaled $280,890 between 2011 and 2021." *United States v. Uvino*, No. 21-CR-466, 2025 WL 746044, at *2 (E.D.N.Y. Mar. 7, 2025). Following the clarification from the district court, we reinstated the appeal and asked the parties to address whether the

3

judgment should now be affirmed. *See* Orders, *United States v. Uvino*, No. 23-7306 (2d Cir. Mar. 21, 2025), ECF Nos. 70.1, 71.1.

**II**

We review a challenged order of restitution "only for abuse of discretion," which occurs when "a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Goodrich*, 12 F.4th 219, 227 (2d Cir. 2021) (internal quotation marks omitted).

A defendant who joins a conspiracy is not automatically liable for all acts committed by co-conspirators before he joined. But a late-joining conspirator may be held responsible for restitution arising from conduct by his co-conspirators prior to his active participation in the conspiracy if, when he joined the conspiracy, he "understood the scope of the conspiracy, such that he knew or should have known the extent of its adverse economic impact." *United States v. Bengis*, 783 F.3d 407, 414 (2d Cir. 2015).

The district court has now confirmed that it made the requisite finding under *Bengis* that Uvino knew or reasonably should have known about the historical extortion payments when he joined the conspiracy in 2019. *See Uvino*,

2025 WL 746044, at *2 ("[T]he factual record at the time of sentencing made it clear to me then that Uvino was well aware of the extent of the extortion."). That finding was not clearly erroneous, being supported by record evidence, including evidence submitted in connection with a co-defendant's sentencing. *See United States v. Tracy*, 12 F.3d 1186, 1203 (2d Cir. 1993). Accordingly, the district court did not abuse its discretion in holding Uvino jointly and severally liable for $280,890 in restitution.

\*     \*     \*

We have considered Uvino's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5